IN THE UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

STANDARD QUIMICA DE VENEZUELA, C.A   CIVIL NO.: 96-2548 (DRD)
INVERSIONES PUERTO PLATA, INC.,
STANDARD DE VENEZUELA ESPAÑOLA, S.A,
38 SERRANO, S.A., GERMAN LADISLAO
PRIETO SANTOS, his spouse ANGELE
BEATRICE ESPUNY DE PRIETO, and the
Community property regime commprised by them,

    Plaintiffs

    Vs.

CENTRAL HISPANO INTERNATIONAL,
INC. and BANCO CENTRAL HISPANO CORP.

    Defendants



## OPINION AND ORDER

Before the court is a second motion for reconsideration and to dismiss filed by Defendants on the issue of *forum non conveniens* and lack of an indispensable party whose joinder would deprive this Court of diversity jurisdiction. (Docket # 50). For the reasons set forth in this opinion, Defendants' Second Motion for Reconsideration is hereby **DENIED**.

I.    **Introduction**

This is an action for damages based on fraud and deceit arising out of the purchase of two properties in Spain and for the annulment or the recission of a Loan Agreement entered into by the parties in Puerto Rico whereby the purchase of one of such properties was financed. Plaintiffs are citizens of Spain, Venezuela and the Dominican Republic; defendants are banking entities organized and operating under the laws of the Commonwealth of Puerto Rico. (Docket No. 1). The Court's jurisdiction is predicated on the parties' diversity of citizenship in accordance with 28 U.S.C. § 1332

(a)(2).

By Opinion and Order of September 23, 1999, the Court denied a motion to dismiss filed by defendants. In so ruling, the Court relied on the applicability of a forum selection clause included in the parties' Loan Agreement, whereby Puerto Rico was selected as the forum of choice to adjudicate any claims related to the agreement. (Docket No. 16) Immediately thereafter defendants sought reconsideration of this order on the grounds that the Court had misread the forum selection clause and demanding that the Court conduct a *forum non conveniens* analysis. The Court accepted defendants' motion for reconsideration and issued a second order and opinion on November 24, 1997. (Docket No. 44). On this occasion the Court held the forum selection clause non-binding on defendants for lack of mutuality. Nevertheless, the Court determined that dismissal was not warranted under *forum non conveniens* standards. Although the Court determined that Spain was a potential adequate forum to rule upon the allegations of the amended complaint, the public and private factors involved in the case clearly weighed in favor of maintaining the case in Puerto Rico.

Unsatisfied with the Court's second opinion and order, seven months later defendants filed a second motion for reconsideration. Once again defendants argued that the case should be dismissed on grounds of *forum non conveniens*. Further, defendants raised a new ground for dismissal. Defendants argued that Banco Central Hispano Internacional, S.A. (BCA-SA), as assignee of the Loan Agreement, was an indispensable party who could not feasibly be joined without destroying the Court's diversity jurisdiction.[1] As a result, the Amended Complaint should be dismissed.

---

[1] The lack of indispensable argument was raised for the first time in defendants' motion to dismiss filed on February 7, 1997 (Docket No. 13). The assignment was done by Central Hispano Internacional, Inc. to BCA-SA on December 16, 1996, six days after the filing of the complaint.

2

On January 26, 1998, a hearing was held on the matter of dismissal and counsel for each side argued their respective positions. The Court now proceeds to resolve the pending issues.

## II.    Discussion

### A.    Timeliness of Defendants' Second Motion for Reconsideration

The Federal Rules of Civil Procedure do not specifically provide for the filing of motions for reconsideration. Sierra Club v. Tri-State Generation and Transmission Assoc., Inc., 173 F.R.D. 275, 287 (D.C. Col. 1997); Hatfield v. Board of County Comm'rs for Converse County, 52 F.3d 858, 861 (10th Cir.1995). Notwithstanding, any motion seeking the reconsideration of a judgment or order is considered as a motion to alter or amend a judgment under FED. R. CIV. PROC. 59(e)[2] if it seeks to change the order or judgment issued. Id. Further, although Rule 59(e) refers to judgments, i.e., rulings that are appealable, Rule 59(e)'s legal standards will be applied to motions for reconsideration of interlocutory orders. Waye v. First Citizen's National Bank, 846 F.Supp. 310 (D.C. Penn. 1994) (request for reconsideration of an interlocutory order denying plaintiff's motion for a default judgment); Atlantic Sales Legal Foundation v. Karg Bros., 841 F.Supp. 51, 55 (D.C.N.Y. 1993) (motion for reconsideration of an order granting in part and denying in part a motion for summary judgment); Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99 (E.D. Va. 1983) (motion for reconsideration of order denying motion to dismiss). Further, although the general rule is that motions for reconsideration will not be considered when filed more than ten days after the judgment at issue is entered, this deadline does not apply to the reconsideration of interlocutory orders. With interlocutory orders, whether a motion for reconsideration has been

---

[2] Rule 59(e) states: "Motion to Alter or Amend a Judgment. A motion to alter or amend the judgment shall be filed no later than 10 after entry of judgment."

3

timely filed or not rests solely on whether or not the motion was filed unreasonably late. McDowell Oil Service, Inc. v. Interstate Fire and Casualty Company, 817 F. Supp. 538, 543 (D.C. Penn. 1993); Frito Lay of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384, 389-90 (D.P.R. 1981); Atlantic States Legal Foundation v. Karg Bros., 841 F. Supp. 51, 55 (D.C.N.Y. 1993); McCarthy v. Manson, 714 F. 2d 234, 237 (2d Cir. 1983).

Defendants' motion for reconsideration was filed seven months after the order of November 24, 1997, was entered. Defendants have offered no justification for this delay, nor does defendants' motion allow any inference which would somehow justify defendants' tardiness. Defendants simply state that their motion is not "untimely" because the procedures have not advanced significantly since the last court order was issued. The Court, however, disagrees. Defendants' motion for reconsideration was filed unreasonably and unjustifiedly late and need not be considered by this Court unless extraordinary circumstances are present.[3] Notwithstanding, in the exercise of its discretion and under the power to review any decision at any time before the entry of judgment, Rule 54 (b)[4], the Court proceeds to consider the merits of defendants' request.

---

[3]McDowell, 817 F.Supp. at 538; Frito Lay of Puerto Rico, Inc., 92 F.R.D. at 389-390; Atlantic States Legal Foundation v. Karg Bros., 841 F.Supp. 51, 55 (D.C.N.Y. 1993); McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983). The Court considers that lack of jurisdiction brought forth in good faith for the first time may constitute a proper "extraordinary circumstance."

[4]When a motion requesting relief from the judgment is filed after the ten (10) day period, it is usually considered a motion under Rule 60 (b). This rule addresses (a) clerical mistakes by the court, or (b) relief from order based on mistake, inadvertence, surprise, excusable neglect on the part of the party, newly discovered evidence, fraud, void judgment, satisfied judgment, or any other reason. Fed. R. Civ. P. 60 (b). As to the last ground, the request for relief must be based on extraordinary circumstances and the petition must be made within a reasonable time or, if not within a reasonable time, upon a showing of good reason to justify the delay. 11 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2857 (1995). As with motions under Rule 59 (e), a motion under Rule 60(b) cannot be used as a vehicle to relitigate matters already litigated and decided by the court. See Fine v. US Department of Energy, 830 F. Supp. 570, 573 (1993).

## B. Standards for Motion for Reconsideration

Motions for reconsideration are entertained by courts if they seek to correct manifest errors of law or fact, present newly discovered evidence, or when there is an intervening change in the law. Jorge Rivera Surillo & Co. v. Falconer Glass Indus., Inc., 37 F. 3d 25, 29 (1st Cir. 1994); (citing F.D.I.C. Ins. Co. v. World University, Inc., 978 F.2d 10, 16 (1st Cir. 1992)); Cherena v. Coors Brewing Com., 20 F. Supp. 2d 282, 286 (D.P.R. 1998); see also National Metal Finishing Com. V. Barclaysamerican /Commercial, Inc., 899 F. 2d 119, 124 (1st Cir. 1990); McDowell, 817 F.Supp. at 541-542. Motions for reconsideration may not be used by the loosing party "to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier." National Metal Finishing Com., 899 F. 2d at 123. See also: Agola v. Hagner, 678 F. Supp. 988, 991 (D.C.N.Y. 1987); Waye, 846 F. Supp. at 314 Fn. 3 (a motion for reconsideration is unavailable if it simply brings a point of disagreement between the court and the litigant, or to reargue matters already properly prior thereto disposed.); Davis v. Luckhard, 106 F.R.D. 317 (E.D.Va. 1984) (a motion for reconsideration cannot be used "to reargue matters already argued and disposed of nor to put additional arguments which could have been made but neglected to make before judgment".)

Defendants' motion for reconsideration raises two issues: one which has already been argued and disposed of and one which is of recent vintage. In its order of November 24, 1997, the Court specifically considered defendants's arguments that Puerto Rico was not the most convenient forum

---

Because defendants have not raised any of the grounds upon which a Rule 60 (b) motion can be based, but merely request reconsideration of the order in question on the court's lack of reading of defendants' reply brief, the court will entertain defendants' motion as it would any other motion for reconsideration of an interlocutory order.

5

to litigate this case in. On that occasion the Court stated: "Having weighed all these factors, the court finds that the balance overwhelmingly favors the forum which plaintiffs chose, being far more convenient that the one suggested by Defendants." Docket No. 44, pg. 8. In its motion for reconsideration defendants have failed to reveal any manifest error of law or fact in the Court's reasoning; any new evidence or change in law, or any extraordinary circumstance that would justify the Court's reconsideration of its determination. Moreover, even if the Court did entertain defendants' *forum non conveniens* arguments anew, the Court would still find that Puerto Rico is the most convenient forum to litigate this case in.

In the hearing celebrated before this Court on January of 1999, defendants called the Court's attention to the existence of evidence and witnesses which are located in Spain, which had not been mentioned by the Court in its Opinion and Order on Reconsideration, and which are necessary for this Court to entertain plaintiffs' allegations. Despite the existence and presumed admissibility of this evidence, however, the Court finds that the balance of public and private factors continues to weigh in favor of Puerto Rico as the most convenient forum to hear this case. Plaintiffs' claims continue to involve a contract that was "negotiated, drafted, executed and performed" in Puerto Rico; Puerto Rico is the jurisdiction where both defendants are organized, where their principal place of business is located, and where most of defendants' past and present directors, officers, and employees are; many of the documents and witnesses which will be called to testify in this case are either in Puerto Rico or in neighboring countries; and Puerto Rico has a strong interest in overseeing the enforcement of its laws and of contracts entered into under its laws, particularly where one or several of the parties involved are banking institutions organized under Puerto Rico's laws. Moreover, now that the validity of the assignment of the Loan Agreement has been brought into question, the Court

must consider additional evidence as to the assignment which is presumably available in Puerto Rico. Consequently, this Court will not disturb the plaintiff's choice of forum on grounds of *forum non conveniens*. Gulf Oil Corp., v. Gilbert, 330 U.S. 501, 508; 67 S. Ct. 839, 843; 91 L. Ed. 1055 (1947).

Defendants' other argument, that BCH-SA is an indispensable party that may not feasibly be joined, is raised for the first time in defendants' second motion for reconsideration, notwithstanding availability of the argument prior thereto. The Court must consider this controversy, however, because of its potential effect on the Court's jurisdiction in this case. If BCH-SA is an indispensable party that may not feasibly be joined under Rule 19, the Court's diversity jurisdiction is destroyed and the case must be dismissed. González v. Cruz, 926 F2d 1 (1st Cir. 1991); Pujoll v. Shearson/American Express, 877 F.2d 132 (1st Cir. 1989).

C. **Lack of Indispensable party**

Defendants' seek dismissal of plaintiffs' complaint for lack of an indispensable party that may not feasibly be joined under Rule 19.[5] Defendants allege, *inter alia*, that before plaintiffs filed the

---

[5]Rule 19 provides in pertinent part:
  **(a) Persons to be joined if feasible.** A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the case may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to substantial risk of incurring double, multiple, or otherwise, inconsistent obligations by reason of the claimed interest....
  **(b) Determination by Court whenever joinder not feasible.** If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective

7

instant complaint, BCH-SA, CHI's parent company in Spain, was already an indispensable party to this claim. Defendants support this assertion alleging that, although the assignment of the Loan Agreement was not signed until six (6) days after the complaint was filed, the assignment had already been agreed upon and its terms and conditions outlined before defendants even knew of the complaint. Thus, argue defendants, the assignment was a *fait accompli* and BCH-SA had a substantial interest in the Loan Agreement before the complaint was filed. Travelers Indemnity Co. v. Dingwell, 884 F.2d 629 (1st Cir. 1989). As a result of said assignment and BCH-SA's interest in the Loan Agreement, complete relief may not be granted in favor of plaintiffs without BCH-SA being included as a party to the complaint. BCH-SA, however, may not feasibly be joined as a party because the Court's diversity jurisdiction would be destroyed. Thus, argue defendants, the case should be dismissed for lack of an indispensable party. (Docket 50 at pp. 7).

Plaintiffs respond to defendants' arguments by charging that defendants entered into the Loan Agreement's assignment after having known of plaintiffs' complaint. Plaintiffs further assert that the purported assignment is void or voidable on account of defendants' fraud and breach of contract, because the assignment was made in fraud of creditors, or because it was made in bad faith as an ill attempt to destroy the Court's jurisdiction. See P.R. Laws Ann. tit. 31, § 3492 (3) and (4). (Docket No. 36) Defendants then respond that the assignment was made for valid business justifications and reassert that they did not know of plaintiffs' complaint until after the assignment was agreed upon. (Docket No. 69 at pp. 13)

---

provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether the judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

8

Whether defendants' request for dismissal for lack of an indispensable party is entertained as a motion to dismiss or as a motion for summary judgment, defendants' request must be denied. On the one hand, if defendants' request is treated as a motion to dismiss for lack of subject matter jurisdiction under Rule 12 (b)(1), the Court must accept as true the well pleaded factual averments contained in the complaint, while at the same time drawing all reasonable inferences from the allegations in favor of the plaintiffs. See McDonald v. Santa Fe Trail Transp. Co., 427 U.S. 273, 276, 96 S.Ct. 2574, 2577 (1976); Correa-Martinez v. Arrillaga-Beléndez, 903 F.2d 49, 51 (1st Cir. 1990); Dartmouth Review v. Dartmouth College, 889 F.2d 13, 16 (1st Cir. 1989); Vartanian v. Monsanto Co., 14 F.3d 697, 700 (1st Cir. 1994). Thus, in the instant case the Court must accept as true the allegation that defendants fraudulently assigned the Loan Agreement and must infer that the Loan Agreement is voidable under Puerto Rico law. See P.R. Laws Ann. tit. 31, § 3492(3) and (4). Consequently, defendants' defense that plaintiffs' have failed to join an indispensable party is left without substance.

On the other hand, if defendants' request is treated as a motion for summary judgment, the Court must also deny defendants' request and continue with the case. The Court will grant summary judgment only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R .CIV. P. 56(c). See also: Cortes-Irizarry v. Corporación Insular, 111 F.3d 184, 187 (1st Cir. 1997). A fact is deemed "material" if the same "potentially affect[s] the suit's determination." Garside v. Osco Drug Inc., 895 F.2d 46, 48 (1st Cir. 1990). "An issue concerning such a fact is 'genuine' if a reasonable factfinder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment,

9

could resolve the dispute in that party's favor." Cortes-Irizarry, 111 F.3d at 187. Further, the court is required to examine the record "drawing all reasonable inferences helpful to the party resisting summary judgment." Cortes-Irizarry. 111 F.3d at 187. There is "no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, no room for the judge to superimpose his own ideas of probability and likelihood . . ." Greenburg v. Puerto Rico Maritime Shipping Auth., 835 F.2d 932, 936 (1st Cir. 1987).

At the very least, the instant case involves issues of "motive" and/or "intent" as to the assignment of the Loan Agreement to BCH-SA and these must be evaluated by a jury. "[S]ummary procedures should be used sparingly... where motive and intent play leading roles." Poller v. Colombia Broadcasting System, 368 U.S. 464, 473, 32 S.Ct. 486, 491 (1982). See also Lipsett v. University of Puerto Rico, 864 F.2d 881, 895 (1st Cir. 1990); Pullman Standard v. Swint, 456 U.S. 273, 287-88, 102 S.Ct. 1781, 1789-1790 (1982). Further, the record reveals that there are controversies as to material and genuine issues of fact relating to CHI's assignment of the Loan Agreement. (Plaintiffs allege that defendants knew about the cause of action before the assignment - defendants deny this fact). Moreover, plaintiffs argue that defendants made said assignment in fraud of their creditors and purposely in order to destroy the Court's diversity jurisdiction. Defendants responds that the assignment was made with a valid business justification. All of these questions are fraught with issues of "motive" and "intent" and further plagued with material and/or genuine facts involving credibility not susceptible for adjudication via the summary judgment standard. Greenburg, 835 F.2d at 936 (credibility); Oliver v. Digital Equipment Corp., 846 F.2d 103, 107 (1st Cir. 1988); William Coll v. P.B. Diagnostic Systems, 50 F.3d 1115, 1121 (1st Cir. 1995) ("motive" and "intent") (Circuit Court of Appeals counsels trial courts to observe a "cautious approach to

summary judgment when issues of motive and intent must be resolved.")

### D.  Permission to appeal

Finally, defendants request that in the event the Court does not reconsider its November 24, 1997, Order, the Court should grant defendants permission to appeal under 28 U.S.C. § 1292 (b). Pursuant to the statute, interlocutory review is appropriate only in "rare cases" involving "exceptional circumstances" and "novel and important issues". See In re San Juan Dupont Plaza Hotel Fire Litig., 859 F.2d 1007, 1010 n.1 (1st Cir. 1988); McGillicuddy v. Clements, 746 F.2d 76, 77 n.1 (1st Cir. 1984). Defendants have failed to justify these elements. Neither have defendants convinced the Court that the jurisdictional issue (indispensable party) is sufficiently distanced from the merits of the case to justify an interlocutory appeal. As the First Circuit stated in a rejected interlocutory appeal request, Seashore Marine Supplies, Inc. v. Puerto Rico Sun Oil Company, Misc. No. 98-8001 (February 27, 1998)(unpublished, copy enclosed)[6]:

> It is true that unsettled jurisdictional questions are often appropriate for interlocutory review. See, e.g., Marquis v. FDIC, 965 F.2d 1148, 1151 (1st Cir. 1992); Donatelli v. National Hockey League, 893 F.2d 459, 461 (1990). Yet it is undoubtful whether the issue here should be viewed in jurisdictional terms, given the degree to which it is intertwined with the merits.

For the reasons stated above, defendants' Second Motion for Reconsideration or for Permission to Appeal is **DENIED.**

IT IS SO ORDERED.

Date: September _30_, 1999

DANIEL R. DOMINGUEZ
U.S. DISTRICT JUDGE

---

[6] The District Court had authorized interlocutory appeal subject to appellate approval under 28 U.S.C. § 1292 (b).

11

**CERTIFIED COPY**

CV: 92-1322
J. Dominguez

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

A True Copy

Attest:

PHOEBE MORSE
Clerk

BY: _____
Administrative Manager

---

Misc. No. 98-8001

SEASHORE MARINE SUPPLIES, INC.,
Plaintiff, Appellee,

v.

PUERTO RICO SUN OIL COMPANY,
Defendant, Appellant.

---

Before

Torruella, Chief Judge,
Selya and Boudin, Circuit Judges.

---

ORDER OF COURT

Entered February 27, 1998

The petition of Puerto Rico Sun Oil Company for leave to appeal under 28 U.S.C. § 1292(b) is denied. At issue is the definition of the term "motor fuel" as used in the Petroleum Marketing Practices Act (PMPA), 15 U.S.C. § 2801(12)--specifically, whether that term includes fuel sold for maritime or industrial use as opposed to automotive use. Petitioner contends, and the district court found, that this issue involves a thorny question of subject-matter jurisdiction, the immediate resolution of which may materially advance the termination of the litigation. Yet as the district court recognized, § 1292(b) review is appropriate only in "rare cases" involving "exceptional circumstances" and "novel and important" issues. See, e.g., In re San Juan Dupont Plaza Hotel Fire Litig., 859 F.2d 1007, 1010 n.1 (1st Cir. 1988); McGillicuddy v. Clements, 746 F.2d 76, 76 n.1 (1st Cir. 1984). We are unable to agree that such a case is involved here.

We explain briefly. From what can be gleaned from the moving papers, the circumstances here are anything but "exceptional." The issue presented appears sufficiently fact-bound, and sufficiently obscure, that the resolution thereof should prove to be of little "importance" outside the confines of this case. Further development of the record might assist in the review of that issue.

And deferring an appeal would entail relatively minimal burdens, particularly since the case is ready to be tried and the trial is expected to be reasonably short.

It is true that unsettled jurisdictional questions are often appropriate for interlocutory review. See, e.g., Marquis v. FDIC, 965 F.2d 1148, 1151 (1st Cir. 1992); Donatelli v. National Hockey League, 893 F.2d 459, 461 (1st Cir. 1990). Yet it is doubtful whether the issue here should be viewed in jurisdictional terms, given the degree to which it is intertwined with the merits. "Where both federal jurisdiction and the existence of a federal claim turn upon whether the complaint states a federal question, the preferable practice is to assume that jurisdiction exists and proceed to determine whether the claim passes muster under Rule 12(b)(6)." Estate of Soler v. Rodriguez, 63 F.3d 45, 47 n.1 (1st Cir. 1995) (citing Bell v. Hood, 327 U.S. 678, 682 (1946)). While we need not decide the point here, at least one circuit court has held that questions relating to the definitional reach of the PMPA should be considered substantive rather than jurisdictional issues. See, e.g., Pro Sales, Inc. v. Texaco, U.S.A., 792 F.2d 1394, 1397-98 (9th Cir. 1986). Under this approach, the "jurisdictional" argument advanced by petitioner would instead be construed as a Rule 12(b)(6) challenge to the sufficiency of the complaint--a matter "not normally" reviewable by way of a § 1292(b) appeal. McGillicuddy, 746 F.2d at 76 n.1.

The petition for leave to appeal under 28 U.S.C. § 1292(b) is denied.

By the Court:

PHOEBE MORSE, Clerk

By: _Mary E. O'Callaghan_
Administrative Manager

cc: **Messrs. Gonzalez Borgos, Garcia-Gregory & Rodriguez-Vidal**

**Certified Copy to Clerk, U.S. District Court of Puerto Rico**