RECEIVED AND FILED
99 NOV 29 AM 8:36
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.

**UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO**

**STANDARD QUIMICA DE VENEZUELA C.A., et al.,**

**Plaintiffs,**

**v.**

**CENTRAL HISPANO INTERNATIONAL, INC., et al.,**

**Defendants.**

**CIVIL NO. 96-2548 (DRD)**

**ORDER SETTING INITIAL SCHEDULING AND CASE MANAGEMENT CONFERENCE**

All named defendants have either made an appearance in this case or defaulted, thus triggering the Court's obligation under Fed. R. Civ. P. 16(b) to schedule and plan the course of litigation in order to achieve a just, speedy, and inexpensive determination of the action. See also Fed. R. Civ. P. 1; Fed. R. Evid. 102; Local Rule 311(14). In so doing, the Court advises litigants that the interplay of Rules 7, 11, 16, and 26 requires increased lawyer responsibility coupled with a mandate to the Court to increase the level of judicial management and control of litigation. The Court, therefore, believes it appropriate to set-forth at the beginning of the case a number of ground rules by which it expects counsel to abide. These rules are meant to complement the requirements imposed by the Federal Rules of Civil Procedure and the Local Rules of the District Court.



83

# I. RULES OF PRACTICE

## A. In General

All documents filed in this case will be read as if they contained a warranty as to quality and content. Fed. R. Civ. P. 11. The filings must be prepared to the best of the lawyers' knowledge, information, and belief, formed after reasonable inquiry. The Court shall not hesitate to impose sanctions for any violations of this rule, such as the filing of complaints not well-founded in fact or the denial of allegations when the veracity of such allegations is known to the defendants.

Moreover, the Court reminds the parties that Local Rule 311(11) requires attorneys to confer with each other prior to filing any motion or objection relating to discovery in a good-faith effort to eliminate the necessity of filing such motion or objection. It bears repeating that "[t]he Court shall not entertain any motion relating to discovery unless moving counsel shall first advise the Court, in writing, that" the requirements of Local Rule 311(11) had been met. That is to say, any discovery motion filed without the required statement **shall be summarily DENIED**, and other sanctions may be imposed.

As officers of the court, appearing attorneys are expected to conduct themselves in a cordial and professional manner when dealing with both the court and other counsel. In addition, counsel are expected to strictly adherence to the rules of professional responsibility adopted by this court. See Local Rule 211(4)(B). Counsel shall refrain from engaging in scandalous and/or personal accusations against other counsel or the court. Motions and other filings containing such attacks **shall be summarily STRICKEN from the record.** Moreover, the court shall not hesitate to consider further sanctions pursuant to Fed.R.Civ.P. 11 and Local Rule 211(4), in response to such conduct by attorneys.

**B. Discovery**

All counsel are expected to expedite discovery. The Court reminds the parties to heed the provisions of Local Rule 315 regarding the use of informative motions. Any motion filed in contravention of this rule **shall be summarily DENIED.** In addition, and unless otherwise directed by the Court, the use of certain methods of discovery are limited to no more than: 25 interrogatories per party (including all discrete subparts; see Fed. R. Civ. P. 33(a)); 25 requests for admission per party; and 2 sets of requests for production per party.

**C. Motions Practice**

**1. Page Limit**

No motion shall exceed twenty-five (25) typewritten pages, double-spaced. (excluding evidentiary exhibits, appendices, and addenda). Almost anything worth saying can be said in less than twenty-five pages. Any motion filed in violation of this maximum **shall be summarily DENIED,** albeit without prejudice of its being re-filed after proper pruning. On rare occasions, the Court will consider a request to file a motion exceeding twenty-five pages in length, but only when such request is made **prior to the filing** of the motion, and only for exceptionally good cause shown.

**2. No Hybrid Motions to Dismiss and/or for Summary Judgment**

The Court instructs the parties not to file any hybrid "Motions to Dismiss and/or for Summary Judgment." Motions to dismiss shall be filed separately from motions for summary judgment. The standard for deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim requires the Court to take all well-pleaded allegations of fact as true, while the standard applicable to a Rule 56 motion for summary judgment requires only that the Court indulge in



AO 72A
(Rev.8/82)

favor of the non-moving party all reasonable inferences arising from such facts as may have been established by affidavit, deposition, or other such reliable method. Furthermore, the requirements of Local Rule 311(12) (discussed below) apply only to motions for summary judgment. Hybrid motions only foster confusion and delay and if filed **shall be summarily DENIED.**

**3. Motions for Summary Judgment - Special Requirement: Statements of Contested/Uncontested Facts**

The Court reminds the parties that a party moving for summary judgment is **required** to file **as an annex** to the motion:

> "a separate, short, and concise **statement of the material facts** as to which the moving party contends there is no genuine issue to be tried and the basis of such contention as to each material fact, **properly supported by specific reference to the record.**"

Local Rule 311(12) (emphasis added); see also Stepanischen v. Merchants Despatch Transportation Corp., 722 F 2d. 922 (1st Cir. 1983). The Court will therefore **summarily DENY** any motion for summary judgment that fails to comply with *any* part of this rule. Similarly, a party opposing a motion for summary judgment is likewise required to file **as an annex** to the opposition motion:

> "a separate, short, and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried, properly supported by specific reference to the record."

Id. Opposing parties are also reminded that:

> "[a]ll material facts set forth in the statement required to be served by the moving party **shall be deemed to be admitted** unless controverted by the statement required to be served by the opposing party."

Id.(emphasis added). Accordingly, if the opposing party fails to comply fully with the requirements of Local Rule 311(12), the Court will deem admitted the facts set forth in the

moving party's statement of uncontested facts, which as a practical matter will often be equivalent to entering default judgment against the non-moving party.

**4. Filing Procedures for Dispositive Motions**

In order to avoid having dispositive motions languish on the Court's docket undecided, as the Court and the parties wait for the various oppositions, replies, and surreplies to be filed, the Court **ORDERS** that no dispositive motion be filed with the Court unless and until the following procedures have been followed. Failure to comply with these procedures will result in the court not considering the non-complying submission.

a) **Dispositive Motion**: The party filing a dispositive motion shall file such motion **only** upon the opposing parties, and not the court. Upon serving the opposing parties with the dispositive motion, the **moving party** shall file an informative motion with the court stating that the dispositive motion was so served.

b) **Opposition**: The **non-moving parties** have twenty (20) days after being served with the dispositive motion to serve upon the moving party an opposition thereto. If an opposition is timely served, the non-moving parties shall file an informative motion so informing the court. If an opposition is not served upon the moving party within the twenty (20) days allowed, the **moving party** shall file the dispositive motion with the court and indicate that no opposition was timely submitted.

c) **Reply**: If absolutely necessary, the **moving party** may serve a reply upon the non-moving parties within twelve (12) days of being served with the opposition. If it does not intend to file a reply, the **moving party** shall file a copy of both the dispositive motion and the opposition with the court for adjudication. If a reply is served within the time allowed, the moving party shall file an informative motion so informing the court.

d) **Surreply**: If a reply is served, the **non-moving party** may file if absolutely necessary a surreply within twelve (12) days of being served with the reply. If a surreply is served, the non-moving party shall file an informative motion so informing the court.

e) **Filing with the court**: Within five (5) days after the time to file a surreply expires, the **moving party** shall file with the court a copy of the dispositive motion, opposition, reply and surreply (if any) for adjudication. All informative motions filed to inform the court that a document has been served on the opposing party shall state the date in which the motion, opposition, reply or surreply was served.

The periods established above may be reasonably extended (not to exceed ten days) by agreement between the parties. They may also be extended for good cause by order of the Court, but the Court encourages the parties to confer with each other in a good-faith effort to resolve such disagreements before filing motions for extension of time. Motions requesting extensions of time to perform discovery under Fed. R. Civ. P. 56(f) are to be addressed to, and are up to the discretion of, the Court under the standards set forth by the Court of Appeals. Ayala-Gerena, v. Bristol Myers-Squibb Co., 95 F.3d 86, 92 (1st Cir. 1996); Resolution Trust Corp., v. North Bridge Associates, Inc., 22 F.3d 1198, 1203 (1st Cir. 1994). The Court notes that the filing periods shall be computed pursuant to Fed. R. Civ. P. 6, including the provisions for additional time after service by mail.

**5. Deadlines for Filing Dispositive Motions**

Dispositive motions, whether to dismiss, for summary judgment, or for judgment on the pleadings, shall ordinarily be filed **no later than thirty days before the proposed trial date** (which shall be established in the Scheduling Order). This default deadline shall operate unless and until a different deadline is specified by the Court. Any filing deadline shall be firm, so that motions filed beyond the deadline without first obtaining leave of the Court to do so **shall be summarily DENIED** as untimely.

## II. INITIAL SCHEDULING CONFERENCE MEMORANDUM

The Court reminds the parties that actions before the U.S. District Court for the District of Puerto Rico are exempted from the requirements of Fed. R. Civ. P. 26(a)(1) and 26(f). Instead, the parties are each **ORDERED** to file, **ten (10) days prior to the Initial Scheduling**

**Conference,** a **memorandum** that:

(a) discusses their factual and legal contentions;

(b) sets forth proposed uncontested facts;

(c) lists their witnesses (fact and expert) and summarizes the nature of their expected testimony;

(d) lists their documentary evidence and summarizes the contents of such evidence; and

(e) itemizes all the discovery (including interrogatories, requests for admissions, requests for production, and depositions) which they wish to conduct.

The memoranda may also include any other matter deemed appropriate. Courtesy copies of the ISC memoranda must be delivered to the undersigned's chambers at least **ten** (10) days **before** the Initial Scheduling Conference. **Failure to do so will result in appropriate sanctions.**

## III. INITIAL SCHEDULING CONFERENCE

Counsel[1] are ordered to attend a scheduling conference in chambers not later than thirty days from today; that is, on January 21, 2000, at 4:00 ~~am~~/pm. See generally Local Rule 314(1). **All outstanding pleadings or proposed amended pleadings shall be filed on or**

---

1

"The obligation to participate in the planning process is imposed on **all** parties that have appeared in the case, including defendants who, because of a pending Rule 12 motion, may not yet have filed an answer in the case." Fed. R. Civ. P. 26 (1993 Advisory Committee notes). The Court forewarns that if an attorney fails to appear, appears unprepared, or fails to participate in good faith in the scheduling conference, the Court, on motion or on its own initiative, may impose the sanctions established in Fed. R. Civ. P. 37(b)(2)(B), (C), and (D), up to and including the dismissal of the action (if the non-complying party is a plaintiff), or the entry of judgment by default (if the non-complying party is a defendant). The Court may also require the party whose attorney failed to comply with this order, the non-complying attorney, or both, to pay the expenses, including attorney's fees, incurred by the Court and by the other parties in preparing for and attending the conference. See Local Rule 314(4); see also Boettcher v. Hartford Insurance Co., 927 F.2d 23 (1st Cir. 1991); Vakalis v. Shawmut Corp., 925 F.2d 34, 36 (1st Cir. 1991).

**before that date**. Thus, the Court shall not permit the pleadings to be amended nor parties to be added beyond that date, save for good cause shown.

**A. Simplification of the Issues**

One objective of the conference scheduled herein is to simplify the issues and to reach agreements as to uncontroverted facts and accepted principles of law applicable to the case. Therefore, counsel attending are expected to be conversant enough with the facts and the law to enter into such agreements. Counsel should be ready to respond to such queries as the Court may deem appropriate, **and be prepared to discuss settlement**. As required by Rule 16(c), "[a]t least one of the attorneys for each party participating in any conference before trial shall have authority to enter into stipulations and to make admissions regarding all matters that the participants may reasonably anticipate may be discussed."

Correspondingly, at the Initial Scheduling Conference, Counsel shall:

a) Inform the Court of their factual and legal contentions. In particular, Counsel shall:

(i) Disclose all material and pertinent facts;
(ii) State their theories of the case, with citations to statutes and case law;[2] and
(iii) Enter into stipulations as to any facts or applicable law as to which there is no reasonable ground for dispute;

b) Bring forth evidence to show such facts;

c) Assess any damages claimed;

d) Announce all documentary evidence;

e) Announce all witnesses, including experts; and

f) Inform the court whether they foresee any need to join additional parties, amend the

---

[2] See Erff v. Markhon Industries, Inc., 781 F.2d 613, 617 (7th Cir. 1986); Rodríguez v. Ripley Industries, Inc., 507 F.2d 782, 786-87 (1st Cir. 1974); see also Ramírez-Pomales v. Becton Dickinson & Co., S.A., 839 F.2d 1, 3-6 (1st Cir. 1988).



AO 72A
(Rev.8/82)

complaint, require consolidation with other related cases, or file any other pretrial motions (such as motions to dismiss or for summary judgment). If any such filing is foreseen, the parties shall suggest specific dates for their filing.

**B. Settlement, Alternative Dispute Resolution, and Consent to Trial before a United States Magistrate Judge**

At the Initial Scheduling Conference, the Court expects Counsel to be prepared to discuss whether the dispute may be settled. In that regard, it would be helpful for Counsel to have discussed this matter with their clients prior to the date of the conference. The parties should be aware that alternative forms of dispute resolution are available, such as (binding) arbitration or (non-binding) mediation. The Court particularly encourages the utilization of mediation as a way to investigate possibilities for settlement.

**The Court also reminds the parties that they may consent to trial before a United States Magistrate Judge**. 28 U.S.C.A. § 636(c)(2) (1993). This procedure could prove to be more expeditious and, therefore, less expensive than a trial before a District Judge. The parties are, of course, free to withhold consent. The parties are also advised, however, that the increase in the Court's criminal docket may impede a reasonably timely disposition of this case.

**C. Scheduling**

The Initial Scheduling Conference also serves the purposes of guiding and setting discovery procedures and scheduling this case for pretrial and trial. The attorneys who attend this scheduling conference must be adequately prepared with the necessary materials on hand, i.e.: datebooks, etc., and fully authorized to suggest specific dates for the items to be scheduled. The Court does not guarantee that the dates suggested will be the ones used for the settings but will try to accommodate them if its calendar so allows and if the periods requested are reasonable.

All counsel should anticipate a pretrial and trial date from one hundred eighty (180) to two

hundred seventy (270) days of the Initial Scheduling Conference. Once a trial date has been set with the concurrence of counsel, **no continuance will be granted except for exceptionally good cause shown.** In particular, a trial date will not be continued solely because counsel have agreed to recommend a settlement, but only if a settlement has been firmly bound.

**IV. INITIAL SCHEDULING ORDER**

Following the Initial Scheduling Conference, the Court will issue an Initial Scheduling Order (Minutes of the Proceedings) which, among other matters, will set dates for the pretrial conference and the trial, as well as set deadlines for concluding discovery, filing dispositive motions, designating expert witnesses, filing the proposed pretrial order, and marking up the official exhibits. The parties are **on notice** as of the date of the Initial Scheduling Conference of the Court's orders issued during said conference. Thus, the parties will **not be excused** from compliance with an order of the Court on grounds that they received a copy of the Initial Scheduling Order after the date at issue has passed. All deadlines set-forth in the Initial Scheduling Order shall remain firm dates. The court shall not altered them, even by stipulation of the parties, except for when a clear showing of good cause is made.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 23 th day of December, 1999.

**DANIEL R. DOMINGUEZ**
**U.S. DISTRICT JUDGE**

P:\FINALORD.ERS\0-ISC1.NEW



AO 72A
(Rev 8/82)