UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

STANDARD QUIMICA DE VENEZUELA, C.A., et al.,

Plaintiffs,

v.    CIVIL NO. 96-2548 (DRD)

CENTRAL HISPANO INTERNATIONAL, INC., et al.,

Defendants.

## ORDER

Pending before the Court are a number of issues which are grouped together by subject heading.

**(1) Request to Clarify the Court's Opinion and Order**

Defendants, BCH International-Puerto Rico, Inc. ("BCHI") (formerly Central Hispano International, Inc.), and Santander Puerto Rico Corp. ("Santander") (formerly Banco Central Hispano-Puerto Rico) request for a clarification of the Court's Opinion and Order issued on September 30, 1999 is **DENIED**. (Docket No. 80). Plaintiffs' request for an extension of time to oppose is **GRANTED/MOOT**. (Docket No. 81). The opposition was therefore, timely filed. (Docket No. 82). In accordance with the order above, the Defendants' request to reply to the Plaintiffs' opposition is **MOOT**. (Docket No. 84).

**(2) Request to Amend Answer**

Defendants, BCH International-Puerto Rico, Inc. ("BCHI") (formerly Central Hispano International, Inc.), and Santander Puerto Rico Corp. ("Santander") (formerly Banco Central


AO 72
(Rev 8/82)

Hispano-Puerto Rico) request leave to file an amended answer. (Docket No. 93). Because leave is to be freely given and Plaintiffs have not opposed the request, the Court hereby **GRANTS** the request (Docket No. 93) and the tendered Amended Answer to the Amended Complaint is to be **DOCKETED**.

**(3) Defendants' Failure to File Certified English Translations**

Plaintiffs are correct that Defendants did not comply with Local Rule 108.1 by failing to provide certified English language translations. (Docket No. 76). Thus, the Plaintiffs' motion (Docket No. 76) is **GRANTED**, and the Defendants are hereby **ORDERED** to rectify the deficiency and provide all outstanding certified English language translations by **October 23, 2000**. (Docket No. 68). Defendants' failure to timely comply with this order shall be met with appropriate sanctions. All pending motions not fully complying with Local Rule 108.1 by **October 23, 2000** shall be summarily denied. All future motions not complying with Local Rule 108.1 upon filing shall also be summarily denied. No exceptions.

**(4) Plaintiffs' Motion to Compel**

Plaintiffs filed a motion to compel and for sanctions on March 23, 2000. (Docket No. 99). Thereafter, on April 3, 2000, the parties requested that the motion be held in abeyance pending a Local Rule 311.11 conference scheduled for April 7, 2000 aimed at resolving the discovery conflict. (Docket No. 100). The parties request for abeyance until April 7, 2000 is now **MOOT**. However, the outcome of the parties efforts to resolve the discovery dispute is unknown. Thus, the Court in the interest of justice **DENIES WITHOUT PREJUDICE** the motion to compel and for sanctions.

(Docket No. 99). The Court shall reinstate the motion upon request by the Plaintiffs.

**(5) Plaintiffs' Motion to Compel Production of Documents from the Commissioner of Financial Institutions**

Plaintiffs requested that the Court issue an order compelling the Comisionado de Instituciones Financieras de Puerto Rico to comply with the request for production of documents served upon him and that the Commissioner be held in contempt of court. (Docket No. 73). The Office of the Commissioner of Financial Institutions ("Commissioner"), requested that the motion to compel be denied, a protective order be issued, and the subpoena served upon the Commissioner be quashed. (Docket No. 77). Thereafter, Plaintiffs requested leave to reply to the Commissioner's opposition. (Docket No. 78).

The minutes of a Status Conference held on February 22, 2000, reads in pertinent part as follows:

> "The Court **GRANTS** the Plaintiffs ten (10) calender days, that is by March 3, 2000, to reply to Defendants opposition. (Docket No. 78). The Court strongly suggests to the parties that the reply and surreply authorized discuss the doctrine of bank examination privilege as applied to this case. See In re Bankers Trust Co., 61 F.3d 465, 471 (6th Cir. 1995); see also Schreiber v. Society for Sav. Bancorp, Inc., 11 F.3d 217 (D.C. Cir. 1993); In re Subpoena Upon Comptroller of Currency, 967 F.2d 630 (D.C. Cir. 1992). Specifically, the parties should address the five (5) enumerated factors assessing the competing interests of the parties. See In re Bankers Trust Co., 61 F.3d at 472; Schreiber, 11 F.3d at 220; In re Subpoena, 967 F.2d at 634.
> Within Docket No. 73, page 7, paragraph 19, the first sentence is hereby **STRICKEN**, by consent of the parties."

(Docket No. 94).

Plaintiffs' request for a one day extension to comply with the Court's order is **GRANTED/MOOT**. (Docket No. 95). Defendants, BCH International-Puerto Rico, Inc. ("BCHI")

Page -3-

(formerly Central Hispano International, Inc.), and Santander Puerto Rico Corp. ("Santander") (formerly Banco Central Hispano-Puerto Rico) presented their opposition to Plaintiffs' motion to compel the Commissioner. (Docket No. 96). Plaintiffs filed a timely reply on March 6, 2000. (Docket No. 97). The Commissioner surreplied. (Docket No. 98).

First, the scope of the Plaintiffs request for production of documents pursuant to a subpoena served on the Commissioner has been limited by the parties as follows:

> "a. Any and all documents, within the period 1993-present, submitted by [Central Hispano International (")CHI[")] to the Commissioner's office and that relate in any way to any of the plaintiffs;
> b. Any and all documents relating to the audits performed or conducted by the Commissioner's office to CHI and which cover in whole or in part the time period of 1993 to the present; and
> c. Any and all reports and/or communications in the possession of the Commissioner that relate in any way to the defendant's dealings with the plaintiff between the years 1993 and the present."

(Docket No. 97, pp. 2-3). A virtually identical request was also made for the production of documents relating to Banco Central Hispano-Puerto Rico ("BCH-PR"). The Court acknowledges that the

> "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party . . . The information sought need not be admissible at the trail if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."

FED. R. CIV. P. 26(b)(1).

The Commissioner objects to the requested production of documents asserting numerous grounds of privilege, most notably the "bank examination privilege." See Lisa Chalidze, Discovery of Bank Examination Reports and Use of Bank Examiner Privilege or Bank Examination Privilege in Federal Civil Proceedings, 151 A.L.R. Fed. 643 (1999) ("No authority has been found denying the

Page -4-

existence of the bank examiner's privilege."); see also In re Bankers Trust Co., 61 F.3d 465 (6th Cir. 1995); Schreiber v. Society for Sav. Bancorp, Inc., 11 F.3d 217 (D.C. Cir. 1993); In re Subpoena Upon Comptroller of Currency, 967 F.2d 630 (D.C. Cir. 1992). The Commissioner has the burden of demonstrating that the privilege applies to the documents at issue. See Schreiber v. Society for Sav. Bancorp, Inc., 11 F.3d 217, 220 (D.C. Cir. 1993). Should the Commissioner not shoulder that burden the requested documents must be produced. See id. Further, "the bank examination privilege protects only agency opinions and recommendations from disclosure; purely factual material falls outside the privilege and, if relevant, must be produced." Id. The applicable jurisprudence contains a pragmatic approach to determine whether the documents should be produced, which the Court delineates in a three-step process.[1]

---

[1] The District of Columbia Court of Appeals set forth a pragmatic approach for the district courts to employ:

> "The first task of the district court, therefore, is to determine whether the banking agency has shown that the requested documents are not primarily factual in nature. If the agency demonstrates that the documents are not primarily factual and thus fall within the scope of the bank examination privilege, the court must then determine whether the documents can be redacted so that the factual portions may be produced in compliance with the subpoena. If the factual and privileged material are inextricably intertwined, then the court must determine whether the privilege, which is qualified, should be overridden for good cause and the documents produced. In this inquiry the court must balance the 'competing interests' of the party seeking the documents (which may vary from case to case) and those of the Government (which will tend to be a constant, reflecting long-term institutional concerns). In re Subpoena, 967 F.2d at 634. At a minimum the court must consider:
> (i) the relevance of the evidence sought to be protected;
> (ii) the availability of other evidence;
> (iii) the 'seriousness' of the litigation and the issues involved;
> (iv) the role of the government in the litigation; and
> (v) the possibility of future timidity by government employees who will be forced to recognize that their secrets are violable.
> Id. (quoting In re Franklin Nat'l Bank Sec. Litig., 478 F.Supp. 577, 583

First step. All documents that are determined by the Court to be primarily factual in nature are discoverable and if relevant must be produced. See id. This category also includes all documents that the Commissioner fails to show that the bank examination privilege applies. Thus, the Court proceeds to step two only with the documents that are shown to be not primarily factual (that is, within the scope of the bank examination privilege).

Second step. The Court must determine whether the documents not primarily factual in nature can be redacted "so that the factual portions can be produced in compliance with the subpoena." Id. If the documents can be redacted, the Court does so. On the other hand, "if the factual and privileged material are inextricably intertwined, then the court" proceeds to step 3 to "determine whether the privilege, which is qualified, should be overridden for good cause and the documents produced." Id.

Third Step. When

> "the factual and privileged material are inextricably intertwined, then the court must determine whether the privilege, which is qualified, should be overridden for good cause and the documents produced. In this inquiry the court must balance the 'competing interests' of the party seeking the documents (which may vary from case to case) and those of the Government (which will tend to be a constant, reflecting long-term institutional concerns). In re Subpoena, 967 F.2d at 634. At a minimum the court must consider:
> (i) the relevance of the evidence sought to be protected;
> (ii) the availability of other evidence;
> (iii) the 'seriousness' of the litigation and the issues involved;
> (iv) the role of the government in the litigation; and
> (v) the possibility of future timidity by government employees who will be forced to recognize that their secrets are violable.
> Id. (quoting In re Franklin Nat'l Bank Sec. Litig., 478 F.Supp. 577, 583 (E.D.N.Y.1979))."

(E.D.N.Y.1979))."

Schreiber v. Society for Sav. Bancorp, Inc., 11 F.3d at 220-221.

Schreiber v. Society for Sav. Bancorp, Inc., 11 F.3d at 220-221.

Thus, the Court must conduct an *in camera* inspection of the subject documents to employ the three-part process above. To effectuate the *in camera* inspection the Court hereby **ORDERS** the Comisionado de Instituciones Financieras de Puerto Rico (or Office of the Commissioner of Financial Institutions) **to be COMPLETED by October 23, 2000** to:

1) Compile all the documents that fully respond to the Plaintiffs' requests for production of documents pursuant to a subpoena served on the Commissioner, limited in scope by the parties (see page 4 above), relating to Central Hispano International ("CHI") or to Banco Central Hispano-Puerto Rico ("BCH-PR") as per the request.

2) Make a good faith determination as to each document whether it is primarily factual in nature. If the document is primarily factual in nature, then the document must be produced to the Plaintiffs forthwith.

3) For the documents that the Commissioner contends are not primarily factual in nature, the Commissioner is to submit to the Court an index (along with the documents) correlating the Commissioner's "assertion of privilege to the evaluative portions of the documents, much as it does when an agency asserts that a document requested pursuant to the Freedom of Information Act is exempt from disclosure." Schreiber v. Society for Sav. Bancorp, Inc., 11 F.3d at 221 (citing Vaughn v. Rosen, 484 F.2d 820, 826-28 (D.C. Cir.1973); citing also as an example, Gregory v. Federal Deposit Ins. Corp., 470 F.Supp. 1329, 1332 (D. D.C.1979) (agency submitted Vaughn index)).

"With a Vaughn-type index in hand, the court [will] review all or, if voluminous, a representative sampling of the disputed documents in order to determine respectively whether any

particular document or type of document falls within the bank examination privilege." Schreiber v. Society for Sav. Bancorp, Inc., 11 F.3d at 221. The Court notes, as did the District of Colombia Circuit "that every court that has examined the nature of bank examination reports thus far has found them to be at least partly factual." Id. (citations omitted).

The Comisionado de Instituciones Financieras de Puerto Rico (or Office of the Commissioner of Financial Institutions) is hereby **FOREWARNED** that failure to comply with the Court's order shall cause all privileges raised to be waived and thus all documents complying with the discovery request to be produced AND/OR sanctions.

Wherefore, the Plaintiffs' motion to compel (Docket No. 73), is **DENIED-IN-PART** and **GRANTED-IN-PART** in accordance with this order.

**IT IS SO ORDERED.**

Date: September 26, 2000

P:\FINALORD ERS\96-2548 ORD

**DANIEL R. DOMINGUEZ**
U.S. District Judge

Page -8-

AO 72
(Rev 8/82)