UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

STANDARD QUIMICA DE VENEZUELA, et al.,
Plaintiffs,

v.                                                                         Case Number: 96-2548 (DRD)

CENTRAL HISPANO INTERNATIONAL, INC., et al.,
Defendants.

## ORDER

Pending before the Court are Docket #'s 101, 111 and 118.

    On March 28, 2000, Defendants sent their 1st Set of Interrogatories and 1st Request for Production of Documents to Plaintiffs. Not having received a response by May 8 of 2000, the Defendants wrote a letter to Plaintiffs requesting that discovery proceed. Between May 8 and May 21, 2000, a phone conversation took place between counsel for the parties, wherein several agreements were reached concerning the continuation of discovery (as well as several disagreements, which gave rise to objections which for the moment are moot, pending compliance with an Order noted below). As Plaintiffs had still not responded by May 22, 2000, Defendants on that date wrote a second letter demanding that discovery continue. The Plaintiffs replied on May 26, 2000, noting they would need until June 30th to submit the answers to interrogatories, and until June 16th to produce the documents (or copies thereof) requested. On July 19, 2000, Plaintiffs sent the Defendants a "line-item" reply to their Request for Documents; in essence, each request was responded to in one of three manners: (a) with an objection; (b) by noting that no "responsive documents" existed; or (c) with "responsive documents will be produced at a date, time and place agreed by counsel". No interrogatory answers were submitted.

    Defendants responded by inviting Plaintiffs to a Rule 311.11 meeting. At that meeting it was agreed that 75% of the documents requested would be produced by August 14, 2001, and the remaining documents requested, as well as Plaintiffs' answers to Defendants' interrogatories, would be produced by September 1, 2000. According to the Defendants, it was further agreed that all would be produced without objections, save those based on the attorney-client privilege; Plaintiffs disagree. On September 13, 2000, without any of the results agreed to in the 311.11 meeting, Defendants sent a formal 311.11 letter to Plaintiffs. On September 21, Defendants filed a Motion to Compel Plaintiffs to Comply with Discovery Agreements and Obligations (Docket #101; hereafter the "Motion"). Plaintiffs responded with their Opposition to Defendants' Motion to Compel (Docket #111; hereafter "Plaintiffs' Reply"). Defendants returned volley with a Reply of their own, wherein they also requested that sanctions be imposed upon Plaintiffs (Docket #118; hereafter "Defendants' Reply").

    The Court is clearly concerned with the timing in this case. With more than fifteen months

having passed without, to the best of the Court's knowledge, a single interrogatory having been properly answered by the Plaintiffs, and certain confusion with respect to the Plaintiffs' production of documents, the Court hereby **ORDERS** Plaintiffs to **SHOW GOOD CAUSE by August 20, 2001, at 5:00 PM,** why Plaintiffs should not be compelled to properly fully produce the answers to interrogatories and documents requested in March of 2000, by July 30, 2001. If Plaintiffs fail to respond as ordered, or if this Court is of the opinion that good cause has not been shown, Plaintiffs will be ordered to fully complete Defendants' original discovery requests by July 30, 2001. Failure to do so will result in a dismissal of this case with prejudice.

In Plaintiffs' Reply the Plaintiffs allude to certain unfulfilled discovery requests sent to the Defendants more than three years ago. No specifics are provided, however. The Court hereby provides Plaintiffs until **August 20, 2001, at 5:00 PM**, to substantiate their claim, *in detail*, including providing supporting documentation wherein the Defendants were notified of their failure to comply with discovery requests. The Court at this point reminds both parties of its wide discretion in the imposition of sanctions for frivolous claims and/ or misleading, unsubstantiated and incorrect assertions within official documents submitted to us.

The Court further reminds the Plaintiffs of the requirements of Rule 34 as to the organization of submission of documents. Clearly the intent of all is to ensure the efficient and orderly course of justice in our civil cases, and we know that often in large civil trials the number of relevant documents could be voluminous. "A party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request." FED. R. CIV. P. 34(b). Defendants allege that this has not been the case; Plaintiffs will ensure that it is (as will the Defendants, should they in fact owe additional discovery matter).

In both the Motion and Defendants' Reply, Defendants argue Plaintiffs have in fact waived any right to object to interrogatories submitted due to their tardiness. "All grounds for an objection to an interrogatory shall be stated with specificity. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown." FED. R. CIV. P. 33(b)(4). Given the extensive time between the initial request and considering that no objections have yet been presented to this Court, we find any possible objections are indeed untimely. Plaintiffs' do not address the matter in Plaintiffs' Reply, and as to the best of the Court's knowledge no answers to any interrogatories have been produced by Plaintiffs, no objections to interrogatories could possibly be found. **The Court finds that Plaintiffs have waived any / all objections to Defendants' 1st Set of Interrogatories, with the exception of those pertaining to privilege.**

Defendants likewise argue Plaintiffs have in fact waived any right to object to requests for documents already submitted due to their tardiness. Plaintiffs' Reply briefly addresses the matter, but does not offer any reasoning for their tardiness. Instead Plaintiffs claim that they have made timely objections. The only objections noted by the Court are contained within Plaintiffs' Reply itself, which is dated October 30, 2000. Once again, timing and specificity of an objection are of the essence when asserting a privilege during discovery. *See* Rivera v. KMART Corporation, 190 F.R.D. 298 (D. Puerto Rico, January 27, 2000). "If the responding party fails to timely object or

state the reason for the objection, he or she may be held to have waived any objections." *Id.*, citing Marx v. Kelly, Hart & Hallman, P.C., 929 F.2d. 8, 12 (1st Cir. 1991). The Court hereby **ORDERS** Plaintiffs to **SHOW GOOD CAUSE by August 24, 2001, at 5:00 PM**, why it should not be found that Plaintiffs have waived any / all objections to Defendants' 1st Request for Production of Documents, with the exception of those pertaining to privilege.

Finally, Defendants have moved for sanctions to be imposed upon Plaintiffs for failure to comply with discovery. The Court has noted this element of their Motion and will withhold judgment pending Plaintiffs' responses as ordered herein.

**NO EXTENSIONS TO ANY ORDERS NOTED HEREIN SHALL BE GRANTED.**

**IT IS SO ORDERED.**

August 06, 2001.                    DANIEL R. DOMINGUEZ
                                    U.S. District Judge

P:\PeachOrders\96-2548 Disc Obj Waived.wpd

-3-