**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

RECEIVED AND FIL
01 AUG -7 AM 10: 28

**STANDARD QUIMICA DE VENEZUELA, et al.,**
**Plaintiffs,**

v.                                         **Case Number: 96-2548 (DRD)**

**CENTRAL HISPANO INTERNATIONAL, INC., et al.,**
**Defendants.**

## ORDER

Pending before the Court is Docket # 126, Defendants' Motion to Forbid Deposition of Defendants' Counsel and to Quash Notice of Deposition. The Plaintiffs filed an opposition (Docket # 128), then an amended opposition (Docket #129), to which Defendants replied (Docket #137).

At issue is the Plaintiffs' interest in deposing Mr. Noel González Miranda, one of the attorneys for the Defendants. Understandably the Defendants resist and are not keen on the idea. Both parties have made multiple reference to Shelton v. American Motors Corporation, 805 F.2d 1323 (8th Cir. 1986) (hereafter "Shelton"), which was heavily relied upon by this Court in Dunkin Donuts, Incorporated v. Mandorico, Inc., 181 F.R.D. 208 (D. Puerto Rico, June 12, 1998) (hereafter Dunkin Donuts").

The important consideration which faces the Court today is the balancing of one's right to discover relevant unprivileged information against an opposing parties' interest in having their attorney perform his duties unfettered without harassment of any kind. The Eighth Circuit in Shelton developed a three-pronged test to assist in this balancing: First, "no other means exist to obtain the information than to depose [the] party opposing counsel, ...(2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the case." Dunkin, supra at 210, citing Shelton, supra. Both the Plaintiffs and Defendants have cited this test and presented their arguments in light thereof. The burden of satisfying the test lies on the party wishing to depose the attorney. The Tenth Circuit has reaffirmed that if just one of the three Shelton prongs can not be met, a trial court would have discretion under Federal Rule of Civil Procedure 26(c) to issue a related protective order. See Broughton v. Cotter Corp. 65 F. 3rd 823 (10th Cir. 1995).

Plaintiffs essentially submit three reasons for the need for Mr. González's deposition. First is that he was Secretary of the Board of Directors of one of the named Defendant corporations. Information that Mr. González may have by virtue of his position as Secretary of the corporation's Board of Directors is the same information that most other members of the Board of Directors possess. Plaintiffs provide no argument nor reason of why this would not be the case here; Plaintiffs' unsupported conclusive assertions are insufficient. Shelton is not met here.

Second, Plaintiffs assert Mr. González was directly involved in the negotiation of the "Puerto



Rico Agreement" at issue.   In providing no specific support for this assertion whatsoever, it is unsubstantiated.  Plaintiffs in prior unrelated motions have correctly noted that the purpose of discovery is not to conduct a "fishing expedition".  The Court notes that even if Plaintiff was the counsel for the negotiation, others participated and the Court is not satisfied that the requirement of "no other means exist to obtain the information..." has been met.  Without specific examples as support, they have not met their burden.  Shelton is not met here.

Finally, Plaintiffs state that certain conversations and / or written correspondence between Mr. González and Mr. Pierre Nahas compel a deposition.  Here they do provide limited support in the manner of reference to a deposition of Mr. Nahas, but as the Defendants argue, the relevant portions noted at times seem to actually dispute Plaintiffs' claim.  In any event, references to certain Exhibits as added support cannot be substantiated because the Plaintiffs' Reply is missing the Exhibits.

The Court hereby **ORDERS** Plaintiffs to **SHOW GOOD CAUSE by August 20, 2001,** why it should not grant Defendants' Motion to Quash.  The Court advises Plaintiffs that it will only consider argument as to the need for Mr. González's deposition in light of correspondence between him and Mr. Nahas, given that our decision has already been reached as noted above with respect to the first two points of contention.  Plaintiffs are further reminded of compliance with the requirements of Shelton.  Failure to comply with this Order will result in the granting of Defendants' Motion.

**NO EXTENSIONS SHALL BE GRANTED**.

**IT IS SO ORDERED.**

August 06 , 2001.                         **DANIEL R. DOMINGUEZ**
                                          **U.S. District Judge**

P:\PeachOrders\96-2548 Depose Atty.wpd