UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

STANDARD QUIMICA DE VENEZUELA, et al.,
Plaintiffs,

v.                                                                              Case Number: 96-2548 (DRD)

CENTRAL HISPANO INTERNATIONAL, INC., et al.,
Defendants.

### ORDER

On August 6, 2001, the Court addressed Docket # 126, Defendants' Motion to Forbid Deposition of Defendants' Counsel and to Quash Notice of Deposition. At issue was the Plaintiffs' interest in deposing Mr. Noel González Miranda, one of the attorneys for the Defendants.

In our Order of August 6 (Docket #144), we noted the overwhelming acceptance of the three-pronged test to assist in balancing one's right to discover relevant unprivileged information against an opposing parties' interest in having their attorney perform his duties unfettered without harassment of any kind, created in Shelton v. American Motors Corporation, 805 F.2d 1323 (8th Cir. 1986), heavily relied upon by this Court in Dunkin Donuts, Incorporated v. Mandorico, Inc., 181 F.R.D. 208 (D. Puerto Rico, June 12, 1998). To restate: First, "no other means exist to obtain the information than to depose [the] party opposing counsel, ...(2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the case." Dunkin, supra at 210, citing Shelton, supra.

Plaintiffs noted three reasons for the need for Mr. González's deposition. First is that he was Secretary of the Board of Directors of one of the named Defendant corporations. Our August 6 Order determined that Shelton was not met here. Second, Plaintiffs asserted Mr. González was directly involved in the negotiation of the "Puerto Rico Agreement" at issue; the Court also found Shelton was not satisfied. Finally, Plaintiffs stated that certain conversations and / or written correspondence between Mr. González and Mr. Pierre Nahas compelled a deposition.

The Court ordered Plaintiffs to show cause by August 20, 2001, why it should not grant Defendants' Motion to Quash, advising that we would only consider argument as to the need for Mr. González's deposition in light of correspondence between him and Mr. Nahas. In lieu of showing cause, Plaintiffs subsequently withdrew their Notice of Taking Deposition of attorney González, through Docket #162, on September 18, 2001. Thus Defendant's Motion (Docket #126) is **DENIED / MOOT**, as are related motions for time extensions (Docket #'s 148 and 155).

IT IS SO ORDERED.

September 28, 2001.                                          DANIEL R. DOMINGUEZ
P:\RDSC\Cases\96-2548\Depose Atty 2.wpd                     U.S. District Judge