RECEIVED
01 OCT 18 AM 9:03

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

STANDARD QUIMICA DE VENEZUELA, et al.,
Plaintiffs,

v.                                    Case Number: 96-2548 (DRD)

CENTRAL HISPANO INTERNATIONAL, INC., et al.,
Defendants.

## ORDER

Pending before the Court are Plaintiffs' motion requesting an order compelling production of documents (with respect to the Office of the Commissioner of Financial Institutions; hereafter "Commissioner") (Docket #73), and the Commissioner's opposition thereto which additionally moves for issuance of a protective order and quashing of the subpoena originally served upon them (Docket #77).

The Court first tackled the issue in an Order in September of 2000 (Docket #102). At that time the Court identified the standard to be used in deciding which documents originally subpoenaed, if any, would be covered by the "bank examination privilege". As has been clearly established through Schreiber v. Society for Sav. Bancorp, Inc., 11 F.3d 217 (D.C. Cir. 1993), "the bank examination privilege protects only agency opinions and recommendations from disclosure; purely factual material falls outside the privilege and, if relevant, must be produced." Id., at 220. Specifically, the Court noted the following procedure to be applied in order to determine the legitimacy of the "bank examination privilege" claimed by the Commissioner:

> First step. All documents that are determined by the Court to be primarily factual in nature are discoverable and if relevant must be produced. This category also includes all documents that the Commissioner fails to show that the bank examination privilege applies. Thus, the Court proceeds to step two only with the documents that are shown to be not primarily factual (that is, within the scope of the bank examination privilege).
> Second step. The Court must determine whether the documents not primarily factual in nature can be redacted "so that the factual portions can be produced in compliance with the subpoena." If the documents can be redacted, the Court does so. On the other hand, "if the factual and privileged material are inextricably



176

intertwined, then the court" proceeds to step 3 to "determine whether the privilege, which is qualified, should be overridden for good cause and the documents produced."

Third Step. When "the factual and privileged material are inextricably intertwined, then the court must determine whether the privilege, which is qualified, should be overridden for good cause and the documents produced. In this inquiry the court must balance the 'competing interests' of the party seeking the documents (which may vary from case to case) and those of the Government (which will tend to be a constant, reflecting long-term institutional concerns). In re Subpoena, 967 F.2d at 634. At a minimum the court must consider:

(i) the relevance of the evidence sought to be protected;
(ii) the availability of other evidence;
(iii) the 'seriousness' of the litigation and the issues involved;
(iv) the role of the government in the litigation; and
(v) the possibility of future timidity by government employees who will be forced to recognize that their secrets are violable.

Order of 9/26/00, Docket #102, p. 6, *quoting* Schreiber, *supra*, at 220-221, *quoting* In re Franklin Nat'l Bank Sec. Litig., 478 F.Supp. 577, 583 (E.D.N.Y.1979).

In recognizing the need for an *in camera* inspection of the requested documents, the Court then continued to issue the following Order to the Commissioner:

1) Compile all the documents that fully respond to the Plaintiffs' requests for production of documents pursuant to a subpoena served on the Commissioner, limited in scope by the parties, relating to Central Hispano International ("CHI") or to Banco Central Hispano-Puerto Rico ("BCH-PR") as per the request.

2) Make a good faith determination as to each document whether it is primarily factual in nature. If the document is primarily factual in nature, then the document must be produced to the Plaintiffs forthwith.

3) For the documents that the Commissioner contends are not primarily factual in nature, the Commissioner is to submit to the Court an index (along with the documents) correlating the Commissioner's "assertion of privilege to the evaluative portions of the documents, much as it does when an agency asserts that a document requested pursuant to the Freedom of Information Act is exempt from disclosure." Schreiber v. Society for Sav. Bancorp, Inc., 11 F.3d at 221 (citing Vaughn v. Rosen, 484 F.2d 820, 826-28 (D.C. Cir.1973); citing also as an example, Gregory v. Federal Deposit Ins. Corp., 470 F.Supp. 1329, 1332 (D. D.C.1979) (agency submitted Vaughn index)).

Order of 9/26/00, Docket #102, p. 7.

The Commissioner subsequently submitted numerous documents for an *in camera* inspection as required by paragraph one of the Order. The Court is unaware whether any documents may have already been provided to Plaintiffs under paragraph two of the Order (whether they have or not is unimportant to the consideration of remaining issues here). Paragraph three required the

1  Commissioner to "submit to the Court an index (along with the documents) correlating the
2  Commissioner's 'assertion of privilege to the evaluative portions of the documents, much as it does
3  when an agency asserts that a document requested pursuant to the Freedom of Information Act is
4  exempt from disclosure.'" The Commissioner did submit an index; the Commissioner did not
5  specifically note any assertion of privilege to allegedly evaluative portions of the documents.

6  Though the Court in its September 26, 2000, Order did warn that failure to comply with our
7  Order would result in a waiver of all privileges raised, the Court nevertheless continued to apply the
8  three-factor procedure described above to the documents submitted for review by the Commissioner.
9  After a thorough analysis, all documents fall into one of four distinct categories:

10  A.  **Commissioner's Reports of Examinations**. These documents are far from factual
11  in nature, and consist almost entirely of extremely confidential investigation report
12  analysis. The Court considers these documents recommendations by the
13  Commissioner and hence privileged. Step One is not met. Step two requires that the
14  Court determine whether the documents not primarily factual in nature can be
15  redacted so that the factual portions can be produced in compliance with the
16  subpoena. The few portions that potentially may be considered remotely factual in
17  nature are so intertwined with the Commissioner's analysis of the investigation
18  conducted that redaction would be virtually impossible. Pursuant to the
19  jurisprudence the Court must then proceed to Step three: When the factual and
20  privileged material are inextricably intertwined, the Court determines whether the
21  privilege, which is qualified, should be overridden for good cause and the documents
22  produced. In this inquiry the court must balance the 'competing interests' of the party
23  seeking the documents (which may vary from case to case) and those of the
24  Government (which will tend to be a constant, reflecting long-term institutional
25  concerns). The Court finds these documents to be privileged, thus not discoverable.
26  The release of these reports would have a chilling effect on future investigations of

| | | |
|---|---|---|
| 1 | | the nation's financial institutions, and as the Court finds the minimum factual |
| 2 | | material contained therein is also contained within reports by independent public |
| 3 | | accountants (discussed below), the Court finds the government's interests far |
| 4 | | outweigh the Plaintiffs' interests. Documents covered by the privilege, **and hence,** |
| 5 | | **not to be disclosed**, include Exhibits #'s: 2, 4, 5, 8, and 13 from Docket #116, and |
| 6 | | the entire contents of the Gonzalez Lopez & Lopez Adames envelope stamp-dated |
| 7 | | November 01, 2000, 3:29 PM. |
| 8 | | |
| 9 | B. | **Reports by Independent Public Accountants.** Almost half of the documents |
| 10 | | produced are reports by independent public accountants. These documents are |
| 11 | | almost entirely factual in nature, and thus, are not privileged. There is no |
| 12 | | information within which is sufficiently *not* factual in nature to warrant analysis |
| 13 | | under step two (or then step three). These documents *not* covered by the privilege |
| 14 | | include Exhibits #'s 1, 3 (the first portion, though the Court notes the second, and |
| 15 | | last, portion is also discoverable as noted immediately below), 6, 7, 12, and 15 from |
| 16 | | Docket #116. The Clerk is instructed to make copies of each to be sent to counsel |
| 17 | | of record for both parties *individually under seal* and notified with this Order. The |
| 18 | | parties are provided ten (10) days from receipt of this Order to move that they remain |
| 19 | | under seal due to properly supported reasons under the bank exception privilege. |
| 20 | | |
| 21 | C. | **CHI Annual Reports.** These documents are almost entirely factual in nature (and |
| 22 | | in fact, are likely already in the public domain), and thus, are not privileged. There |
| 23 | | is no information within which is sufficiently *not* factual in nature to warrant analysis |
| 24 | | under step two (or then step three). These documents *not* covered by the privilege |
| 25 | | include Exhibits #'s 3 (the second portion) and 9 from Docket #116. The Clerk is |
| 26 | | instructed to make copies of each to be sent to counsel of record for both parties |

*individually under seal*. The parties are provided ten (10) days from receipt of this Order to move that they remain under seal due to properly supported reasons under the bank exception privilege.

D.  **Private Letters to or from CHI high-level Executives.**

(1)  **Exhibit #10** is a private letter discussing a portion of one of the Commissioner's Reports of Examinations. Its entire content concerns matters involved in an official pending (at the time) investigation. It is not factual in nature. No portion is sufficiently factual in nature to warrant redaction. Given the particular subject matter of the letter, the government's interests outweigh those of the Plaintiffs. Exhibit 10 is subject to the privilege, and thus not discoverable.

(2)  **Exhibit #11** is a private letter discussing a party involved in the case at bar. Although not factual in nature, it has been revealed to third-parties and hence not protected by the presented to the Commissioner in privy of any pending investigation. No portion is sufficiently factual in nature to warrant redaction. Given the particular subject matter of the letter, the Plaintiffs' interests outweigh those of the government. In reaching this conclusion the Court considered the relevance of the evidence sought to be protected (and the Court notes again that the Commissioner did not explain why he thought this document should be protected), the role of the government in the litigation, and the possibility of future timidity by government employees. This letter does not involve any topics that are the subject of a pending (at the time) official investigation, but rather concern matters regarding alleged collateral of one of the individuals involved in the facts of the case at bar. Exhibit 11 is *not* subject to the privilege, and thus discoverable. The Clerk

1          is instructed to make copies to be sent to counsel of record for both parties
2          ***under seal.*** The parties are provided ten (10) days from receipt of this Order
3          to move that they remain under seal due to properly supported reasons under
4          the bank exception privilege.
5     (3)  **Exhibit #14** is a private letter discussing a portion of one of the
6          Commissioner's Reports of Examinations. It is not factual in nature. No
7          portion is sufficiently factual in nature to warrant redaction. Given the
8          particular subject matter of the letter, the government's interests outweigh
9          those of the Plaintiffs. Exhibit 14 is subject to the privilege, and thus not
10         discoverable.
11   Wherefore the Court finds the following documents **are covered by the bank examination**
12   **privilege**: Exhibits #'s: 2, 4, 5, 8, 10, 13 and 14 from Docket #116, and the entire contents of the
13   Gonzalez Lopez & Lopez Adames envelope stamp-dated November 01, 2000, 3:29 PM. Thus the
14   Court finds the remaining Exhibits from Docket #116 (1, 3, 6, 7, 9, 11, 12, and 15) are *not* covered
15   by the bank examination privilege, and thus discoverable. The Court does note that certain pages
16   of the discoverable documents did have handwritten notes from the Commissioners' staff thereon;
17   these notes have been deleted as they would be privileged.
18   Plaintiffs' motion requesting an order compelling production of documents (Docket #73) is
19   **GRANTED IN PART / DENIED IN PART** in accordance with this Order, and the
20   Commissioner's motion for issuance of a protective order and quashing of the subpoena originally
21   served upon them (Docket #77) is likewise **GRANTED IN PART / DENIED IN PART** in
22   accordance with this Order.
23        **IT IS SO ORDERED.**
24
         ~~September~~ /6 , 2001.                           DANIEL R. DOMINGUEZ
25       *October*                                          U.S. District Judge
26   P:\RDSC\Cases\96-2548\Bank Priv.wpd