UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO
BEFORE HONORABLE DANIEL R. DOMINGUEZ

MINUTES OF PROCEEDINGS DATE: May 15, 2002
CIVIL NO. 96-2548 (DRD)
START: 6:45 PM          END: 8:00 PM

LAW CLERK: Ronald D. Swanson-Cerna, Esq.

===============================================================================

| | |
|---|---|
| **STANDARD QUIMICA** | Attorney: |
| **DE VENEZUELA, C.A., et al.,** | Pedro SANTIAGO, Esq. |
| Plaintiffs, | Rafael ESCALERA, Esq. |
| v. | |
| **CENTRAL HISPANO** | Noel GONZALEZ, Esq. |
| **INTERNATIONAL, INC., et al.,** | Rafael VIZCARRONDO, Esq. |
| Defendants. | Mariano MIER, Esq. |

===============================================================================

A STATUS CONFERENCE was held today. The parties advised the Court as to the status of the case. The Court ordered the following:

1. The Court must reach a decision on discovery issues regarding Miguel de Blas communications, and 22 documents that Defendants claim today are so privileged that even the Court cannot review. Defendant claim attorney-client privilege, based upon Spanish law.

2. The 22 documents noted include an issue regarding a sworn statement provided by the Defendants today, which Defendants claim under <u>Remy Martin</u>, has the effect of eliminating privileged documents from even review by the Court. The Court admits that this concept seems a bit "difficult to swallow", as it is based upon a simple statement from an individual without more.

3. Nevertheless, the Court freely admits it is in need of an orientation on the scope of the Spanish attorney client privilege, particularly when specifically involving issues similar to those at bar (in-house counsel, omnipotent sworn statements, etc.). Defendants are to present a detailed review of applicable law in these situations by **Friday, May 31, 2002.** Plaintiffs are to reply on or before **June 14, 2002.**

4. A further Status Conference to finally decide this matter is scheduled for **Tuesday, June 18, 2002, at 4:30 PM.**

5. Finally, the Court is additionally concerned about the pattern being established of both parties filing "11th Hour" documents- filing documents five minutes prior to

scheduled conferences, usually arriving to opposing counsel's office once opposing counsel has already departed en-route to the Court for the conference. The Court is confident that all parties will immediately halt this inconsiderate practice, thereby avoiding forcing the Court to officially rule on the matter.

6. NO EXTENSIONS OR CONTINUANCES SHALL BE GRANTED. The Court will not hesitate to consider all tools available to address any failure to meet the above Court-imposed deadlines.

_____
DANIEL R. DOMINGUEZ
DISTRICT JUDGE

s/c: Counsel of record
P:\RDSC\Gen Admin\Minutes of ISC.wpd