UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RECEIVED AND FILED
2002 JUL 18 AM 7:58
U.S. CLERK'S OFFICE
DISTRICT COURT
SAN JUAN, P.R.

STANDARD QUIMICA DE VENEZUELA, et al.,
Plaintiffs,

v.                                              Case Number: 96-2548 (DRD)

CENTRAL HISPANO INTERNATIONAL, INC., et al.,
Defendants.

### ORDER

Pending before the Court are Docket #'s 226 - 229, 232 - 234, 238, 241, 244 - 245, 250, 252-253 and 255-257. The Court rules as follows:

| Dckt # | Date: | Ruling | Title |
|---|---|---|---|
| 226 | 04/30/02 | GRANTED | Leave to Amend Amended Complaint |

The Court is sufficiently satisfied that its Order of April 15, 2002 (Docket # 224), has been met; the 2nd Amended Complaint is accepted.

| | | | |
|---|---|---|---|
| 227 | 05/03/02 | GRANTED / MOOT | To Extend Time |

The new-date requested has already passed.

| | | | |
|---|---|---|---|
| 228 | 05/07/02 | DENIED / MOOT | To Strike 2nd Amended Complaint |

See Docket # 226 decision above.

| | | | |
|---|---|---|---|
| 229 | 05/07/02 | GRANTED / MOOT | To Extend Time |

The new-date requested has already passed.

| | | | |
|---|---|---|---|
| 232 | 05/15/02 | NOTED | Informative Motion re: de Blas Dossier |
| 233 | 05/15/02 | NOTED | Spain's Attorney - Client Privilege |

After encouragement from the Court (Docket # 235), on May 8, 2002, Defendants prepared and submitted an amended log of the alleged privileged documents in the so-called "dossier" of Miguel de Blas. Mr. de Blas served as in-house counsel in Spain for the Defendants' parent company, Banco Santander Central Hispano, at times pertinent to the issues at bar. The Defendants had been arguing that most, if not all, of the documents requested by Plaintiffs were subject to Spain's version of the attorney-client privilege; Plaintiffs countered that while they admit many documents are privileged (and they do not seek these that are privileged), most are not.

During a Status Conference on May 7, 2002, the parties were advised that under Renfield



Corporation v. E. Remy Martin & Co., S.A., 98 F.R.D. 442 (D. Del. 1982), the Defendants would have the choice to invoke either the U.S. *or* Spanish law privilege. This result is reached because both the United States and Spain are parties to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

The Court is quite clear as to the status of the privilege in the United States. Conversations between in-house counsel and company executives and / or staff seeking or obtaining corporate legal advice is just as protected by our attorney-client privilege as non-corporate counsel with their clients. Upjohn Co. v. United States, 449 U.S. 383, 389-97, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981). "In practice, however, advice does not spring from lawyers' heads as Athena did from the brow of Zeus." *In Re* Sealed Case, 737 F.2d 94, 99 (D.C.Cir. 1984). Notwithstanding, "communications made by and to the same in-house lawyer with respect to **business matters, management decisions or business advice are not protected** by the privilege." Boca Investerings Partnership v. U.S., 31 F.Supp. 2d 9, 11 (D.D.C. 1998) (emphasis added); *See also*: Texaco Puerto Rico, Inc. v. Department of Consumer Affairs, 60 F.3d 857 (1st Cir. 1995) (counsel ceased being an attorney and instead took on role as a regulator).

Defendants argue that Spanish law encompasses a much broader reach for the privilege, known in Spain as the duty and right to the professional secret. Defendants wrote for an advisory position from the Madrid Bar Association, and received same on May 29, 2002, from Luis Marti Mingarro, Dean of the Bar. Mr. Marti first refers to Article 2 of the Judicial Power Act 6/1985 of July 1 in noting "the duty to secrecy by attorneys reaches:
   a) All the facts or news known to them,
   b) Whichever may be the reason they know about it as the result of their professional exercise,
   c) Whichever may be the modality of professional acts in which they gained knowledge of said facts or news."
Certified translation of 5/29/2 letter, p. 3.

Mr. Marti also refers to Article 5.1 of the Deontology Code through explaining the duty of professional secret "...imposes upon the attorney the duty and confers to him the right to keep under secrecy all the facts and news known to him by reason of any of the modalities of his professional acts...." Certified translation of 5/29/2 letter, p. 6. Mr. Marti also refers to Article 32.1 of the General Statute of Law Practice in Spain in supporting this same quotation. Certified translation of 5/29/2 letter, p. 6-7.

The Court recognizes that the scope of this privilege seems to be quite broad. Plaintiffs point out in their Reply (Docket # 248) that Dean Marti's letter fails to specifically distinguish between lawyers acting as lawyers, and corporate directors acting as corporate directors who coincidentally also happen to be lawyers. The Court finds it difficult to accept that the privilege could be so broad as to protect members of a corporate Board of Directors from disclosure of any and all material they produce, *even when having nothing to do with legal counsel*, simply because they are attorneys. To take the matter to its extreme, would a corporate executive with a law degree, who had never

practiced law before in his life, and never had any intention of doing so, also be protected simply because he in fact is actually as attorney?

Plaintiffs, however, provide nothing more than conjecture in reaching their conclusion that the Spanish privilege excludes corporate acts of directors who are also lawyers. Accordingly, the Court grants Plaintiffs until **August 12, 2002**, to provide citable authority supporting their position, or to request and receive a clarification from the Madrid Bar or any other recognized institution. Failure of Plaintiffs to abide by this directive will signify to the Court that they were unable to legally support their conclusion under Spanish law. No extensions shall be granted. The Court's decision on this motion will be made by the morning of August 12, 2002. The Court will conduct its *in camera* inspection of all necessary documents, if any remain after this Motion's result, during the Status Conference already scheduled for August 13, 2002.

| | | | |
|---|---|---|---|
| 234 | 05/17/02 | GRANTED / MOOT | To Extend Time |
| | The new-date requested has already passed. | | |
| 238 | 05/28/02 | GRANTED / MOOT | To Extend Time |
| | The new-date requested has already passed. | | |
| 241 | 05/31/02 | GRANTED / MOOT | To Extend Time |
| | The new-date requested has already passed. | | |
| 244 | 06/03/02 | GRANTED / MOOT | To Extend Time |
| | The new-date requested has already passed. | | |
| 245 | 06/03/02 | DENIED / MOOT | Leave to File Reply |
| | See Docket # 226 decision above. | | |
| 250 | 06/18/02 | DENIED / MOOT | Leave to File Reply |
| | See Docket # 226 decision above. | | |
| 252 | 06/25/02 | GRANTED / MOOT | To Extend Time |
| | The new-date requested has already passed. | | |
| 253 | 06/26/02 | GRANTED / MOOT | To Extend Time |
| | The new-date requested has already passed. | | |
| 255 | 07/03/02 | NOTED | Summary Judgment |
| | The Court will resolve this motion prior to the previously scheduled upcoming August 13, 2002 Status Conference. The Court notes the deadline for Plaintiffs' Opposition is today, July 16, 2002. | | |
| 256 | 07/03/02 | GRANTED | To Extend Time |
| | Certified English translations due on or before **August 19, 2002**. | | |

| | | | |
|---|---|---|---|
| **257** | **07/10/02** | **DENIED / MOOT** | **Leave to File Reply** |

See Docket # 226 decision above.

**IT IS SO ORDERED.**

**DATED: July 16, 2002.**

*(signature)*

**DANIEL R. DOMINGUEZ**
**U.S. District Judge**

P:\RDSC\Cases\1996-2548\Orders List 4.wpd