UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

STANDARD QUIMICA DE VENEZUELA, et al.,
Plaintiffs,

v.                                                          Case Number: 96-2548 (DRD)

CENTRAL HISPANO INTERNATIONAL, INC., et al.,
Defendants.

## ORDER

Pending before the Court are the Docket #'s noted below. The Court rules as follows:

| Dckt # | Date: | Ruling | Title |
| --- | --- | --- | --- |
| 258 | 07/15/02 | GRANTED | Issuance of Letter Rogatory |
| 261 | 07/26/02 | GRANTED | To Clarify Order |

Plaintiffs have the new deadline until July 30, 2002, to file their Opposition (which was missed).

| 263 | 07/30/02 | GRANTED | To Withdraw |

The firm of Reichard & Escalera continue to represent the Plaintiffs.

| 264 | 07/30/02 | GRANTED / MOOT | To Extend Time |

The new-date requested has already passed.

| 266 | 08/06/02 | GRANTED / MOOT | To Extend Time |

The new-date requested has already passed.

| 269 | 08/14/02 | DENIED / MOOT | To Accept Statement of Undisputed Facts as Admitted / Unopposed and to Deny any Future Extension Requests |

Subsequent deadline extensions have already been granted, and the opposition has finally been filed.

| 270 | 08/14/02 | GRANTED / MOOT | To Extend Time |

The new-date requested has already passed.

| 271 | 08/14/02 | GRANTED / MOOT | To Extend Time |

The new-date requested has already passed.

**273   08/16/02   GRANTED                    Leave to Take Deposition**
The Plaintiffs took it upon themselves to assume a motion for time extension to oppose would be granted, and then even missed the new date they themselves requested for the new deadline. To date no opposition has been filed. The deposition of Javier Lozano, who was named as a last-minute unexpected witness for the Plaintiffs, is to be taken within the next thirty (30) days. Plaintiffs' failure to produce him for deposition within this time period will result in the exclusion of his testimony. No time extensions shall be granted.

**274   08/16/02   GRANTED                    Leave to Serve Interrogatories**
Plaintiffs have failed to comply with the Court's April 17, 2002, Order (Docket # 215); Plaintiffs' late reply to Defendants' compliance with the Order was inadequate. The interrogatories are permitted, and are to be answered forthwith in accordance with applicable terms set by the Federal Rules of Civil Procedure. No extensions shall be granted.

**278   08/21/02   GRANTED / MOOT          Leave to File Reply to Opposition**
The document has been filed and reviewed.

**279   08/26/02   GRANTED / MOOT          To Extend Time**
The new-date requested has already passed, and the matter ruled on (Docket #269).

**280   08/26/02   GRANTED / MOOT          To Extend Time**
The new-date requested has already passed, and the matter ruled on (Docket #273).

**281   08/26/02   GRANTED / MOOT          To Extend Time**
The new-date requested has already passed, and the matter ruled on (Docket #274).

**285   09/03/02   DENIED / MOOT           Leave to Reply to Plaintiffs' Opposition**
The matter is resolved through the decision in Docket 269 above.

**286   09/03/02   GRANTED in PART         Time Extension for Certified Translations**
Plaintiffs' Motion in Compliance with Court Order regarding the Spanish attorney-client privilege (Docket # 267) is in direct violation of Local Rule 108.1, which provides that all documents not in the English language shall be accompanied by an English translation, **at the time of presentation or filing**. *Id.* (emphasis added). Recently the First Circuit Court of Appeals issued an opinion strictly interpreting and applying Local Rule 108.1. *See: United States v. Rivera-Rosario*, __ F.3d __ (1st Cir. 2002), 2002 WL 1772934. In admonishing the District Court, the First Circuit stated: "With a disturbing frequency, [the] district court [] in Puerto Rico [has] allowed parties to offer briefs, documents, and testimony in Spanish without translation. Though we recognize that most jurors, and even judges, in Puerto Rico may be more comfortable speaking in Spanish than in English, district courts must be faithfully committed to the English language requirement. If not, the District of Puerto Rico risks disassociating itself from the rest of the federal judiciary." *Id.* at *16. *See*

*also: Ramos-Baez v. Bassolo-Lopez*, 240 F.3d 92 (1st Cir. 2001). The Clerk of the Court should not even have accepted Plaintiffs' Motion in Compliance as it contained untranslated documents. Nevertheless, the Court will be lenient this one last time, allowing Plaintiffs ten (10) calendar days to submit the translations, or Docket # 267 will be stricken from the record. The Court forewarns all parties that strict compliance with Local Rule 108.1, in accordance with *Rivera-Rosario,* shall be expected in this case, and future cases and other judicial matters.

**IT IS SO ORDERED.**

**DATED: September 09, 2002.**

**DANIEL R. DOMINGUEZ**
**U.S. District Judge**

P:\RDSC\Cases\1996-2548\Orders List 5.wpd

3