UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

STANDARD QUIMICA DE VENEZUELA,
et al.,
Plaintiffs,

v.  Case Number: 96-2548 (DRD)

CENTRAL HISPANO INTERNATIONAL,
INC., et al.,
Defendants.

## ORDER

The Court once again is called upon to resolve a discovery controversy between the parties. See Docket #327 (Motion Requesting Certification from defendants Regarding Spanish Documents), #328 (Second Motion Requesting Certification from Defendants Regarding Production of Documents), #329 (Motion for Protective Order and Submission of Certification), and #330 (Opposition to Defendants' Motion for Protective Order and Submission of Certification).

Plaintiffs essentially request that since they are litigating with a foreign bank that performed transactions in Puerto Rico, the Dominican Republic and Spain (related to properties at Serrano #38, Lopez de Hoyos #143, and the Quinto Centenario Hotel), through various subsidiaries and affiliates, that Plaintiffs have received all the specifically requested documents made through the various requests to Defendants throughout the litigation. Plaintiffs therefore request certification from Defendants pursuant to Fed.R.Civ.P. 26(c)(1) and (c)(2).

The Court finds that Plaintiffs have made timely specific pertinent requests as outlined in Plaintiffs' Opposition to Defendants' Motion for Protective Order and Submission of Certification (Docket #330). Plaintiffs' request is therefore not a new discovery request or an attempt to backdoor an untimely discovery request.

The Court therefore **ORDERS Defendants to produce the following certification to Plaintiffs**:

CERTIFICATION

"Defendants have produced to Plaintiffs all non-privileged documents available to them after the directors, officials and all counsel (both "in-house" as well as all litigation counsel in this case) have performed a reasonably diligent effort pursuant to Plaintiffs' pertinent discovery request for all relevant non-privileged and un-objected to documents as described and detailed in Plaintiffs' Opposition to Defendants' Motion for Protective Order and Submission of Certification (Docket #330), except for those further responsive documents for which notice has been provided that will be produced under the obligations imposed by Fed.R.Civ.P. 26(e)."

It is the intent of the Court that the certification stated above be mutually provided by both Plaintiffs and Defendants to each other, as to discovery that may have been timely requested that may not have been timely objected thereto and, that may not be privileged in nature.

The Defendants' Motion for Protective Order (Docket #329) is **GRANTED in PART / DENIED in PART** as described within this Order. Plaintiffs' Request for Certification (Docket #'s 327 and 328) is **GRANTED** within the boundaries contained in this Order. **The certifications are to be mutually provided to opposing counsel on or before December 2, 2002, at 12:00 PM. NO EXTENSIONS OR EXCEPTIONS SHALL BE AUTHORIZED.** The Court forewarns both parties that violation of the certification shall be met with the most severe of sanctions available against the parties and/or counsel.

This Order is to be immediately notified via phone and fax.

**IT IS SO ORDERED.**

**DATED: November 26, 2002.**

DANIEL R. DOMINGUEZ
U.S. District Judge

P:\RDSC\Cases\1996-2548\Certification.wpd

2